UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LIPSEY, JR., <br><br> Plaintiff, <br><br> v. <br><br> D. SAMANIEGO, et al., <br><br> Defendants. | CASE NO. 1:17-cv-01703-MJS (PC) <br><br> **ORDER FINDING NO COGNIZABLE CLAIMS AND REQUIRING PLAINTIFF TO AMEND OR OTHERWISE RESPOND** <br><br> (ECF No. 1) <br><br> **THIRTY (30) DAY DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983.

Plaintiff's complaint (ECF No.1) is before the Court for screening.

**I.  Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion

1 thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiffs must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 677-78.

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). To state a claim under §1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

Under section 1983 the Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor,

Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

### III. Plaintiff's Allegations

Plaintiff is currently detained at Corcoran State Prison ("CSP") and complains of acts that occurred therein. He names as Defendants (1) D. Samaniego, Correctional Officer CSP, (2) D. Davey, Warden CSP, (3) Navarro[1], Correctional Officer CSP, (4) John Doe 2, Correctional Officer CSP, (5) John Doe 3, Correctional Officer CSP, (6) John Doe 4, Correction Sergeant CSP, (7) S. Kernan, Correctional Secretary CSP, (8) F. Munoz, Correctional Lieutenant CSP, (9) City of Corcoran, and (10) A. Kelley, Chief Nurse Executive CSP.

Plaintiff's allegations can be fairly summarized as follows:

On or about August 1, 2017, Plaintiff fell, injured his shoulder and sustained a visible two-inch wide wound. He put in a sick call slip on August 2, 2017, and was supposed to be seen on August 4. However, when Defendants Navarro and Doe 2 arrived to escort Plaintiff to the medical appointment, Plaintiff could not put his hands behind his back to submit to handcuffs and so asked to be taken in waist chains. Defendants Navarro and Doe 2 left to determine if Plaintiff could use waist chains. They did not return.

Defendants Samaniego and Doe 3 came. Plaintiff showed them his injury and stated he would be in pain if his hands were placed behind his back. Defendant Samaniego stated, "It's only thirty feet away," and indicated that Plaintiff was not authorized to use waist chains. Defendant Samaniego wrote Plaintiff up. This write up was later dropped. Plaintiff believes this should have been an administrative warning rather than a serious rule violation.

---

[1] The complaint initially listed Defendant Navarro as Doe 1, but this was altered to Navarro. The Court will interpret any reference to Doe 1 as referring to Defendant Navarro.

3

Plaintiff was not seen by medical until a month later. This left Plaintiff in pain. He needed morphine or Tylenol Three to deal with the pain during this period.

Defendant Samaniego knew that a refusal by Plaintiff to obey her order could have led to the use of force; as such, her actions threatened physical harm.

Defendants Munoz, Davey, and Sergeant Doe[2] did not adequately train the correctional staff to ensure that inmates with shoulder injuries could use waist chains.

On August 7, 2017, Plaintiff was in the law library when officers came to take him to the nurses' line for his shoulder injury. Plaintiff requested to be seen first so that he could be ensured time in the law library. RN Ramirez (not a party to this action) refused and made Plaintiff fill out a refusal slip. Plaintiff complied. Plaintiff filled out numerous sick call slips after that, but was not seen.

Plaintiff filed a complaint. A nurse filled out a sick call slip on Plaintiff's behalf and Plaintiff was seen the next day. By that time Plaintiff's wound was healed.

Plaintiff asserts that his refusals on August 4 and 7 caused RN Ramirez and other nurses to not answer Plaintiff's sick call slips.

Defendant Kelley failed to properly train and supervise RN Ramirez.

Plaintiff brings claims under the Eighth Amendment, Fourteenth Amendment, the Bane Act, retaliation, malicious prosecution, and Government Codes §§ 815.2 and 845.6. Plaintiff requests damages, a court order providing the names of Doe Defendants, and an order providing all Defendants' home addresses.

**IV. Analysis**

    **A. Parties**

        **1. Municipal Liability**

By bringing suit against the City of Corcoran, Plaintiff appears to be bringing a Monell claim.

Cities may be liable under section 1983. "[S]ection 1983 imposes liability only on

---

[2] The Court assumes Plaintiff is referring here to Doe 4, named in the caption of the complaint as a correctional sergeant.

'persons' who, under color of law, deprive others of their constitutional rights, [and] the Supreme Court has construed the term 'persons' to include municipalities." Castro v. Cty. of Los Angeles, 797 F.3d 654, 670 (9th Cir. 2015) (citing Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978)). Cities may not be held liable for the actions of their employees under a theory of *respondeat superior*, but they may be held liable for a constitutional violation if an action taken pursuant to a policy, be it a formal or informal policy, caused the underlying violation. Castro, 797 F.3d at 670 (citing City of St. Louis v. Praprotnik, 485 U.S. 112, 131 (1989) and Monell, 436 U.S. at 691) (quotation marks omitted); see also Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1021 (9th Cir. 2010) (municipal liability claim cannot be maintained unless there is an underlying constitutional violation).

Municipal liability may also be imposed where the local government unit's omission led to the constitutional violation by its employee. Gibson v. Cty. Of Washoe, Nev., 290 F.3d 1175, 1186 (9th Cir. 2002). Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." Id. This kind of deliberate indifference is found when the need to remedy the omission is so obvious, and the failure to act so likely to result in the violation of rights, that the municipality reasonably can be said to have been deliberately indifferent when it failed to act. Id. at 1195.

Here, Plaintiff has not linked any underlying violation of his rights to a policy or practice attributable to the City, or shown that the City knew of, and blatantly ignored, the alleged violations committed by its employees. Plaintiff has not alleged any wrongdoing or any involvement whatsoever in this matter on the part of the City. There is no claim, much less a cognizable one, asserted against the City.

Further, the Court takes judicial notice of the fact that CSP is a state prison operating under the authority of the California Department of Corrections and

5

1  Rehabilitation, and the City of Corcoran is a separate legal entity with no authority over
2  or responsibility for the prison. (The Court may take judicial notice of facts not subject to
3  reasonable dispute. Fed. R. Evid. R 201 (b),(c).) As such, further amendment would be
4  futile, and Plaintiff is denied leave to amend this claim.

### 2. Doe Defendants

Plaintiff lists Does 1-4 as individuals he wishes to bring claims against. He wants the names of the Doe Defendants provided to him by Court order without filing an amended complaint.

The use of Doe defendants generally is disfavored. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting Gillespie v. Civiletti, 629 E.2d 637, 642 (9th Cir. 1980)). Nevertheless, under certain circumstances, Plaintiff may be given the opportunity to identify unknown defendants through discovery. Id. However, Doe defendants must be identified and served within a specified period of the commencement of the action against them. See Aviles v. Village of Bedford Park, 160 F.R.D. 565, 567 (1995); Fed. R. Civ. P. 15(c)(1)(C) & 4(m). In most instances it is impossible for the United States Marshal to serve a party identified only as a Doe. See Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (in order to properly effect service under Rule 4 in an IFP case, the plaintiff is required to "furnish the information necessary to identify the defendant.").

Here, Plaintiff may proceed against Doe Defendants. However, service may not be initiated upon Does until they have been identified by Plaintiff. These individuals are unknown to the Court and the Court will not conduct discovery to determine their names. If Plaintiff asserts a cognizable claim against them, he will have an opportunity to try to discover their names. At that point it will be Plaintiff's responsibility to identify each individual and substitute each's true name in place of an unnamed Doe.

### 3. Non-Parties

Plaintiff's complaint also contains allegations against "RN Ramirez" as well as unnamed nurses.

Rule 10(a) of the Federal Rules of Civil Procedure requires that each defendant be named in the caption of the complaint. A complaint is subject to dismissal if "one cannot determine from the complaint who is being sued, [and] for what relief. . . ." McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).

As Ramirez and the unnamed nurses are not named in the caption, the Court is unable to determine whether Plaintiff intends to proceed against them. If Plaintiff wishes to pursue such allegations, he may amend his complaint to include these parties in the caption. The Court will not address allegations against non-parties.

**B.     Linkage**

Section 1983 provides a cause of action for violations of constitutional or other federal rights by persons acting under the color of state law. Wilder, 496 U.S. at 508. To state a claim under section 1983, the plaintiff must demonstrate that each defendant personally participated in the deprivation of her rights. Iqbal, 556 U.S. at 676-77.

Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*. Id. Supervisory personnel may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).

Defendants Davey, Munoz, Doe 4, Kernan, and Kelley do not appear to have personally participated in the events complained of and the alleged facts do not indicate that as supervisors they failed to prevent the acts. The assertion that they did not properly train their subordinates is not sufficient to establish liability under section 1983; liability may not be imposed on supervisory personnel unless they directed violations and or knew of violations and failed to act to prevent them. See Iqbal, 556 U.S. at 676-77; Taylor, 880 F.2d at 1045. Claims against these Defendants are not cognizable as pled. Plaintiff will be given leave to amend.

## C. Eighth Amendment

Plaintiff seeks to bring claims under the Eighth Amendment against Defendants for refusing to allow him to use waist chains in lieu of behind-the-back handcuffs while walking to his medical appointment. Though unclear, it appears Plaintiff wishes to bring claims of excessive force and deliberate indifference to medical needs.

### 1. Excessive Force

The Eighth Amendment protects prisoners from inhumane methods of punishment and inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). The Cruel and Unusual Punishment Clause of the Eighth Amendment protects prisoners from the use of excessive physical force. Farmer v. Brennan, 511 U.S. 825, 832 (1994). To state an excessive force claim, a plaintiff must allege facts to show that the use of force involved an "unnecessary and wanton infliction of pain." Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)). Whether the force applied inflicted unnecessary and wanton pain turns on whether the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7. The Court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. See Whitley, 475 U.S. at 321.

Not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (internal quotation marks omitted); see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries).

Plaintiff fails to allege a cognizable claim. Plaintiff's allegations do not indicate that any Defendant used force against him. Plaintiff's allegation that Defendant Samaniego's order constituted a threat is not sufficient to establish a violation of the Eighth Amendment. Threats or verbal harassment do not rise to the level of a constitutional violation. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). These claims are not cognizable as pled. Plaintiff will be given leave to amend.

### 2. Deliberate Indifference to Medical Needs

The government has an "obligation to provide medical care for those whom it is punishing by incarceration," and failure to meet that obligation can constitute an Eighth Amendment violation cognizable under § 1983. Estelle v. Gamble, 429 U.S. 97, 103-105 (1976). To establish an Eighth Amendment violation, a prisoner "must satisfy both the objective and subjective components of a two-part test." Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted). A prisoner must show (1) a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain, and (2) that the defendant's response to the need was deliberately indifferent. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing McGuckin v. Smith, 974 F.2d 1050, 1559-1560 (9th Cir. 1991), *overruled in part on other grounds by* WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). A mere "difference of medical opinion . . . [is] insufficient, as a matter of law, to establish deliberate indifference." Id. at 1058. Mere indifference, negligence, or medical malpractice is not sufficient to support the claim. Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v. Gamble, 429 U.S. 87, 105-06 (1976)). To demonstrate indifference, a plaintiff must demonstrate that the risk was obvious or provide other circumstantial evidence that defendants were aware of the

9

substantial risk to his health, and that there was no reasonable justification for exposing him to that risk. Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010).

A prisoner can establish deliberate indifference by showing that officials intentionally interfered with his medical treatment for reasons unrelated to the prisoner's medical needs. See Hamilton v. Endell, 981 F.2d 1062, 1066 (9th Cir. 1992); Estelle, 429 U.S. at 105. Where a prisoner alleges deliberate indifference based on a delay in medical treatment, the prisoner must show that the delay led to further injury. See Shapley v. Nevada Bd. Of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam).

Plaintiff fails to allege a cognizable deliberate indifference claim against any Defendant. He alleges that Defendants Navarro, Doe 2, Samaniego, and Doe 3 did not escort Plaintiff to his medical appointment because he refused to be escorted with hands cuffed behind his back. As a consequence, Plaintiff was not seen until a month later, and by that time his shoulder had healed. He was not given narcotics in the interim. Unnecessary pain can be a serious medical condition, see McGuckin, 974 F.2d at 1060. However, Plaintiff's assertion that he desired narcotics is alone insufficient. See Toguchi, 391 F.3d at 1058 (noting that a prisoner requesting alternative medication is not sufficient to find deliberate indifference). Plaintiff does not allege that pain medication was ever medically indicated for him or show that any Defendant knew that Plaintiff's refusal to go to his appointment in handcuffs would pose a serious risk to Plaintiff. Plaintiff does not allege that he requested medication from any Defendant. Moreover, he refused treatment a few days later. A prisoner cannot "refuse treatment and then claim deliberate indifference to his medical condition." McNeil v. Singh, 2013 U.S. Dist. LEXIS 63891, 2013 WL 1876127, at *19 n.59 (May 3, 2013) (where plaintiff declined surgery on at least two occasions and refused medication, plaintiff could not claim deliberate indifference). These claims are not cognizable. Plaintiff will be given leave to amend.

**C.     Retaliation**

Plaintiff lists retaliation as a cause of action.

Within the prison context, a viable retaliation claim has five elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights (or that the inmate suffered more than minimal harm), and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

The second element of a prisoner retaliation claim focuses on causation and motive. See Id. at 1271. A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Sorrano's Gasco. Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). "[M]ere speculation that defendants acted out of retaliation is not sufficient." Wood v. Yordy, 753 F.3d 899, 905 (9th Cir. 2014).

The third prong can be satisfied by various activities but generally is shown by a prisoner's engagement in First Amendment activities. For example, filing a grievance is a protected action under the First Amendment. Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989).

With respect to the fourth prong, "[it] would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity . . . ." Mendocino Envtl. Ctr. v. Mendocino Cnty., 192 F.3d 1283, 1300 (9th Cir. 1999). The correct inquiry is to determine whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. Rhodes, 408 F.3d at 568-69 (citing Mendocino Envtl. Ctr., 192 F.3d at 1300).

With respect to the fifth prong, a prisoner must affirmatively show that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional

11

institution or was not tailored narrowly enough to achieve such goals." <u>Rizzo</u>, 778 F.2d at 532.

Here, Plaintiff fails to allege that any Defendant took any action that was in retaliation for Plaintiff engaging in a First Amendment activity. Plaintiff fails to allege any First Amendment activity preceding the proposed escort to his medical visit. These claims are not cognizable as pled. Plaintiff will be given leave to amend.

### D. Malicious Prosecution

Plaintiff states he wishes to bring claims of malicious prosecution against Defendants. While unclear, it appears Plaintiff may be claiming Defendant Samaniego's write up was maliciously prosecuted.

In the Ninth Circuit, the general rule is that a claim of malicious prosecution is not cognizable under 42 U.S.C. § 1983 if process is available within the state judicial system to provide a remedy. <u>Usher v. City of Los Angeles</u>, 828 F.2d 556, 561-62 (9th Cir. 1987) However, an exception exists to the general rule when a malicious prosecution is conducted with the intent to deprive a person of equal protection of the laws or is otherwise intended to subject a person to a denial of constitutional rights. <u>Id.</u> In order to prevail on a § 1983 claim of malicious prosecution, a plaintiff "must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right." <u>Freeman v. City of Santa Ana</u>, 68 F.3d 1180, 1189 (9th Cir. 1995). Malicious prosecution actions are not limited to suits against prosecutors but may be brought against other persons who have wrongfully caused charges to be filed. <u>Galbraith v. County of Santa Clara</u>, 307 F.3d 1119, 1126-27 (9th Cir. 2002).

The elements of a malicious prosecution claims are controlled by California state law. <u>Usher</u>, 828 F.2d at 562. Under California law, "[t]o establish a cause of action for . . . . malicious prosecution . . . , a plaintiff must plead and prove that the prior action (1) was commenced by or at the direction of the defendant and was pursued to a legal

1 termination in his, plaintiff's, favor; (2) was brought without probable cause; and (3) was
2 initiated with malice." Crowley v. Katleman, 8 Cal. 4th 666, 676 (1994), as modified (Nov.
3 30, 1994) (citations omitted).

Here, Plaintiff's complaint does not allege that the charges were made for the purpose of depriving Plaintiff of any constitutional right. Plaintiff alleges that the write up he received should have been an administrative warning. This is not sufficient to state a claim. In the prison context the filing of false charges is not, in itself, a constitutional violation. See Ransom v. Herrera, No. 1:11-cv-01709-LJO-EPG (PC), 2016 U.S. Dist. LEXIS 179418, at *17-25 (E.D. Cal. Dec. 27, 2016) (gathering cases); see also Hernandez v. Johnston, 833 F.2d 1316 (9th Cir. 1987) (holding that inaccurate prison records do not violate a due process right). These claims are not cognizable. Plaintiff will be given leave to amend.

### E. State Law Claims

Plaintiff states that he wishes to bring claims under the Bane Act (Cal. Civ. Code, § 52.1) and Government Codes §§ 815.2 and 845.6. These are all California state laws.

This Court may exercise jurisdiction over a state law claim pursuant to 28 U.S.C. § 1367(a), which states that in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III [of the Constitution]," except as provided in subsections (b) and (c). "[Once judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under § 1367(c) is discretionary." ACI v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

Here Plaintiff has failed to allege a cognizable federal claim and therefore this Court does not have jurisdiction over any state law claims. Unless Plaintiff alleges a

viable federal claim in an amended complaint, the Court will not exercise supplemental jurisdiction over state law claims, even if Plaintiff states a claim under state law. 28 U.S.C. § 1367(c)(3); Parra v. PacifiCare of Az., Inc., 715 F.3d 1146, 1156 (9th Cir. 2013). The Court will provide Plaintiff with the legal standards of his state law claims in the event that Plaintiff chooses to amend to pursue these claims.

### 1. Bane Act

The Bane Act, Cal. Civ. Code, § 52.1, "provides that a person may bring a cause of action 'in his or her own name and on his or her own behalf' against anyone who 'interferes by threats, intimidation or coercion,' with the exercise or enjoyment of any constitutional or statutory right." Bay Area Rapid Transit Dist. v. Super. Ct., 38 Cal. App.4th 141, 144 (1995) (quoting Cal. Civ. Code, § 52.1); Venagas v. County of Los Angeles, 32 Cal. 4th 820, 841 (2004). "The essence of a Bane Act claim is that the defendant, by the specified improper means (i.e., 'threats, intimidation or coercion'), tried to or did prevent the plaintiff from doing something he or she had the right to do under the law or to force the plaintiff to do something that he or she was not required to do under the law." Austin B. v. Escondido Union School Dist., 149 Cal. App. 4th 860, 883 (2007) (citing Jones v. Kmart Corp., 17 Cal. 4th 329, 334 (1998)). The conduct constituting "coercion" must be "intentionally coercive and wrongful, i.e., a knowing and blameworthy interference with the plaintiffs' constitutional rights." Gant v. Cnty. of Los Angeles, 772 F.3d 608, 623–24 (9th Cir. 2014) (citing Shoyoye v. Cnty. of Los Angeles, 203 Cal. App. 4th 947, 961 (2012)).

### 2. Government Code § 815.2

Cal. Gov. Code § 815.2 is a general tort statute that states that a public entity is liable for "injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment…." Cal. Gov. Code § 815.2(a). In California, public entities are "vicariously liable for its employee's negligent acts or omissions within the scope of employment." Eastburn v. Reg'l Fire Prot. Auth., 31 Cal. 4th 1175, 1180

(2003). However, direct tort liability of public entities must be based on a specific statute declaring them to be liable, or at least creating some specific duty of care. Id. at 1183.

### 3. Government Code § 845.6

California Government Code § 845.6 concerns furnishing medical care to prisoners and provides in relevant part:

> Neither a public entity nor a public employee is liable for injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody; but . . . a public employee, and the public entity where the employee is acting within the scope of his employment, is liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care.

In order to state a claim under § 845.6 a prisoner must establish three elements: (1) the public employee knew or had reason to know of the need, (2) for immediate medical care, and (3) failed to reasonably summon such care. Jett, 439 F.3d at 1099. "Liability under section 845.6 is limited to serious and obvious medical conditions requiring immediate care." Id. (citing Watson v. State, 26 Cal. Rptr. 2d 262, 265 (Ct. App. 1993)).

### E. Home Addresses of Defendants

Plaintiff requests the Court provide him the home addresses of all Defendants no longer employed at CSP. Plaintiff provides no authority for such relief and the Court is unaware of any.

The court will not conduct or provide discovery for Plaintiff. If and when Plaintiff states a cognizable claim, Plaintiff may initiate service of process upon Defendants. If a Defendant is no longer employed at the institution, Plaintiff may be initiate discovery to effectuate service of process.

## VI. Conclusion and Order

Plaintiff's complaint fails to state a claim on which relief may be granted. The

15

Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff does not wish to amend, he may instead file a notice of voluntary dismissal, and the action then will be terminated by operation of law. Fed. R. Civ. P. 41(a)(1)(A)(i). Alternatively, Plaintiff may forego amendment and notify the Court that he wishes to stand on his complaint. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004) (plaintiff may elect to forego amendment). If the last option is chosen, the undersigned will issue findings and recommendations to dismiss the complaint without leave to amend, Plaintiff will have an opportunity to object, and the matter will be decided by a District Judge. No further opportunity to amend will be given by the undersigned.

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff should note that although he has been granted the opportunity to amend his complaint, it is not for the purposes of adding new and unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully review this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves a function in the case. Id. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be

sufficiently alleged. The amended complaint should be clearly titled, in bold font, "First Amended Complaint," reference the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff must file either a first amended complaint curing the deficiencies identified by the Court in this order, a notice of voluntary dismissal, or a notice of election to stand on the complaint; and
2. If Plaintiff fails to file a first amended complaint or notice of voluntary dismissal, the Court will recommend the action be dismissed, with prejudice, for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated: January 20, 2018                /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE