UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LIPSEY, <br> Plaintiff, <br> v. <br> D. SAMANIEGO, *et al.*, <br> Defendants. | Case No. 1:17-cv-01703-LJO-JDP <br><br> SCREENING ORDER <br><br> FINDINGS AND RECOMMENDATIONS TO DISMISS CASE FOR FAILURE TO STATE CLAIM WITHOUT LEAVE TO AMEND AND TO DISMISS ALL OTHER PENDING MOTIONS AS MOOT <br><br> ECF Nos. 16, 19 <br><br> OBJECTIONS DUE WITHIN 14 DAYS |

Plaintiff is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff's initial complaint was screened and found to have no cognizable claims. ECF No. 8. After providing an explanation of the complaint's deficiencies, we granted plaintiff leave to amend. *Id.* Plaintiff's first amended complaint, filed March 16, 2018, ECF No. 16, is before the court for screening under 28 U.S.C. § 1915A. Plaintiff raises federal constitutional claims of retaliation, malicious prosecution, and deliberate indifference,[1] in addition to statutory claims. Plaintiff's factual allegations are not sufficient to state a claim of

---

[1] Plaintiff appears to have abandoned his excessive force claim because it is not in the first amended complaint. Even if plaintiff were to re-assert such a claim, it would fail because he has not alleged that any defendant used physical force against him. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

1

constitutional deprivation under 42 U.S.C. § 1983. Accordingly, we recommend that the complaint be dismissed without leave to amend.

## I.  STATEMENT OF FACTS[2]

During the relevant timeframe, plaintiff was a prisoner at Corcoran State Prison ("CSP"). ECF No. 16 at 2. Defendants are employees of CSP and the City of Corcoran. *Id.* at 3.

On August 1, 2017, plaintiff fell and sustained a deep, two-inch wide and two-inch long abrasion on his left shoulder. *Id.* at 5. On August 2, 2017, plaintiff submitted a "sick call slip." *Id.* On August 4, 2017, plaintiff "was called in for a nurse (or doctor) visit." *Id.* At around 9:00 a.m., defendants Navarro and Doe No. 2, correctional officers at CSP, "came to escort plaintiff to the infirmary." *Id.* at 6. However, plaintiff had "extreme pain when he tried to put his arms behind his back" to be handcuffed. *Id.* Plaintiff showed Navarro and Doe No. 2 his wound and asked if plaintiff "could go to the infirmary in waist chains" instead of handcuffs. *Id.* Navarro and Doe No. 2 said that they would "check." *Id.*

At 10:00 a.m., defendants Samaniego and Doe No. 3, also correctional officers at CSP, came to plaintiff and told him that he did not "have a chrono for waist chains so [plaintiff] had to cuff up from behind." *Id.* at 7. Plaintiff showed Samaniego and Doe No. 3 his shoulder wound and asked them to go up the chain of command, to the sergeant, defendant Doe No. 4, or the lieutenant, defendant Munoz, to see if either of those people would make "an exception." *Id.* Samaniego and Doe No. 3 responded that "it's only 30 feet away," and left plaintiff. *Id.* Plaintiff waited for four hours, then "filled out two sick call slips" indicating that he would see medical "with handcuffs behind his back." *Id.*

Defendant Samaniego wrote up a rules violation report ("RVR") against plaintiff for not submitting to handcuffs. *Id.* at 9. However, the "RVR was terminated in plaintiff's favor." *Id.* at 10.

On August 7, 2017, defendant Ramirez, a registered nurse at CSP, approached plaintiff while he was at the law library and asked, "if he wanted to go to medical." *Id.* at 11. Plaintiff

---

[2] We draw the following facts from plaintiff's first amended complaint, ECF No. 16, and accept them as true for screening purposes.

2

responded that he did "but he really needed to finish preparing some legal work." *Id.* Plaintiff asked if he could go to medical and then return to the library or else go to medical after he finished up at the library. *Id.* Defendant Ramirez told plaintiff that he must "either give up his law library time and go to medical or stay in the law library and not go to medical." *Id.* Plaintiff chose to stay at the law library. *Id.*

By the time plaintiff saw a nurse about his shoulder injury, "it had already scabbed up and was barely hurting." *Id.* at 12.

## II. SCREENING AND PLEADING REQUIREMENTS

A district court is required to screen a prisoner's complaint seeking relief against a governmental entity, its officer, or its employee. *See* 28 U.S.C. § 1915A(a). We must identify any cognizable claims and dismiss any portion of a complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016) (quoting *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted). The court must construe a litigant's complaint liberally when he is proceeding without counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet*, 137 S. Ct. 911, 916 (2017). To state a claim under 42 U.S.C. § 1983, a plaintiff must (1) allege the deprivation of a right secured by

the U.S. Constitution and laws of the United States and (2) allege that the deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

### III. ANALYSIS

#### A. Parties

Plaintiff alleges claims against the City of Corcoran. ECF No. 16 at 8-9. Plaintiff was notified in the first screening order that he could not proceed against the City of Corcoran because it is a municipality separate from the prison, and this reasoning is still apposite. *See* ECF No. 8. Therefore, plaintiff's claims against the City of Corcoran should be dismissed.

We also notified plaintiff that his initial complaint contained allegations against Ramirez but he had not named Ramirez as a defendant. *See* ECF No. 8 at 7. In plaintiff's first amended complaint, Ramirez is named as a defendant and therefore we consider the allegations against her herein. Plaintiff also added defendant McCabe in his first amended complaint. *See* ECF No. 16 at 2, 6. Therefore, we consider the allegations against defendant McCabe as well.

Finally, plaintiff names supervisory personnel as defendants. "A supervisor is liable under § 1983 for a subordinate's constitutional violations 'if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.'" *Maxwell v. Cty. of San Diego*, 708 F.3d 1075, 1086 (9th Cir. 2013) (quoting *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989)). Plaintiff was notified that his amended complaint would need to contain facts to support claims against defendants who had supervisory roles. *See* ECF No. 8 at 7. However, the first amended complaint contains legal conclusions without any factual allegations to support liability for the supervisory defendants—namely defendants Munoz, Davey, Kernan, McCabe, Kelley, and Doe No. 4. *See* ECF No. 16 at 7-8 (alleging that defendants Munoz, Davey, and Doe No. 4 had a "policy allowing" correctional officers to refuse an inmate's request for

waist chains to go to medical without any factual allegations as to participation, direction, or knowledge with a failure to act on the part of those defendants); *id.* at 8 (claiming that defendants Davey, Kernan, McCabe, Doe No. 4, and Munoz are "liable for violating the ADA" without any factual allegations as to participation, direction, or knowledge with a failure to act on the part of those defendants); *id.* at 12 (claiming that defendant Kelley "should also be liable for not training [defendant Ramirez] correctly" without any factual allegations as to participation, direction, or knowledge with a failure to act on the part of Kelley). Plaintiff does not provide any facts or legal theories that would support liability for supervisory personnel,[3] therefore plaintiff's allegations against defendants Davey, Munoz, McCabe, Doe No. 4, Kernan, and Kelley should be dismissed.

### B. Medical Deliberate Indifference

Plaintiff alleges that all defendants acted with deliberate indifference to his serious medical needs, thus we evaluate this claim as to the remaining defendants—namely Navarro, Doe No. 2, Samaniego, Doe No. 3, and Ramirez.

Specifically, plaintiff alleges that defendants Navarro and Doe No. 2 were deliberately indifferent to his serious medical needs when they asked plaintiff to submit to handcuffs for a trip to medical and then left to check if plaintiff could be put in waist chains instead of handcuffs at plaintiff's request. Plaintiff further alleges that defendants Samaniego and Doe No. 3 were deliberately indifferent to his serious medical needs when they asked him shortly thereafter to submit to handcuffs for a trip to medical, indicating that plaintiff would not be placed in waist chains. Finally, plaintiff alleges that defendant Ramirez was deliberately indifferent to plaintiff's serious medical needs when she gave him the option to go to medical or to remain at the library.

The government has an "obligation to provide medical care for those whom it is punishing by incarceration," and "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). This

---

[3] Additionally, as discussed below, plaintiff fails to allege any constitutional violations.

indifference can be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id.* at 104-05.

The two-part test for medical deliberate indifference is as follows: "First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendant's response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (internal quotation marks and citation omitted). A prison official is deliberately indifferent to that need if he "knows of and disregards an excessive risk to inmate health." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Allegations of deliberate indifference must include both "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations omitted).

Plaintiff does not allege facts amounting to a serious medical need. He had an abrasion on his shoulder that healed over without the need for stitches. Generally, minor scrapes and cuts that do not require stitches or medicine are not serious medical needs that implicate the constitution. *Compare Nifas v. Coleman*, 528 F. App'x 132, 136 (3d Cir. 2013) (recognizing that minor scrapes and cuts did not rise to a serious medical need) *and Martin v. Gentile*, 849 F.2d 863, 871 (4th Cir. 1988) (reasoning that cuts and bruises did not amount to a serious medical need when they did not require stitches or medicine), *with Jimenez v. Cox*, 473 F. App'x 520, 521–22 (9th Cir. 2011) (recognizing a serious medical need when a doctor prescribed medicine to plaintiff three weeks after plaintiff sustained injuries). Additionally, plaintiff does not allege that failure to treat his medical need resulted in further injury. *See Wilhelm*, 680 F.3d at 1122. To the contrary, plaintiff alleges that his shoulder injury scabbed over and was barely hurting during the time that elapsed between his injury and his medical treatment. Therefore, plaintiff fails to allege facts to support a finding that his shoulder injury is a serious medical need and that nontreatment of it amounted to cruel and unusual punishment in violation of the Eighth Amendment.

Even assuming, without deciding, that plaintiff had a serious medical need, plaintiff has

failed to allege facts that would support a claim for deliberate indifference against any defendant. On three separate occasions, plaintiff was offered medical care and declined it. Plaintiff cannot bring a viable lawsuit against those CSP employees who attempted to take him in for a medical evaluation when plaintiff turned them away. *See Dye v. Lomen*, 40 F. App'x 993, 996 (7th Cir. 2002) (holding that because defendants offered medical care and plaintiff declined it, they cannot be "deliberately indifferent to [plaintiff's] health care needs"). Under these circumstances, plaintiff cannot show that any defendant failed to respond to his medical need or caused him harm. *See Jett*, 439 F.3d at 1096. Therefore, plaintiff's claim of medical deliberate indifference must fail and any leave to further amend would be futile.

### C. Retaliation

Plaintiff alleges two instances of retaliation: (1) that defendant Samaniego issued plaintiff an RVR in retaliation for plaintiff's requests for waist chains; and (2) that defendant Ramirez retaliated against plaintiff by preventing plaintiff's sick call slips from being answered because plaintiff refused to go to medical and chose the law library. *See* ECF No. 16 at 10-12. To prevail on a retaliation claim under the First Amendment, plaintiff must show: "(1) . . . that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

First Amendment protected conduct includes the right "to file prison grievances and otherwise seek access to the legal process." *Id.* at 568. Although protected conduct for a retaliation claim is based in constitutional rights, in the prisoner litigant context the court must keep in mind that: (1) "the constitutional rights that prisoners possess are more limited in scope than the constitutional rights held by individuals in society at large," and (2) "courts are particularly 'ill equipped' to deal with" issues that arise behind bars. *Shaw v. Murphy*, 532 U.S. 223, 229 (2001) (quoting *Procunier v. Martinez*, 416 U.S. 396, 404-405 (1974)).

As to defendant Samaniego, plaintiff's request for waist chains as an accommodation for his shoulder injury is not protected conduct under the First Amendment. *See Shaw*, 532 U.S. at

7

229 (listing examples of the types of protected conduct that inmates retain). Therefore, plaintiff has no basis for a retaliation claim against defendant Samaniego.

Similarly, as to defendant Ramirez, plaintiff's decision to stay in the library instead of going to medical is not protected conduct. *See id.* Although plaintiff does not allege that defendant Ramirez retaliated against plaintiff for filing a lawsuit, even if that were inferred from his use of the law library, plaintiff would still fail to state a claim for retaliation against defendant Ramirez because plaintiff does not allege any facts to indicate that defendant Ramirez either chilled plaintiff's exercise of his rights or that defendant Ramirez was not reasonably advancing a legitimate correctional goal. *See Rhodes*, 408 F.3d at 567-68. Plaintiff fails to state a retaliation claim against either defendant Samaniego or Ramirez and further leave to amend would be futile. Thus, these claims should be dismissed as well.

### D. Malicious Prosecution

Plaintiff claims malicious prosecution because defendant Samaniego issued an RVR to plaintiff for failing to submit to handcuffs. *See* ECF No. 16 at 9-10. In order to claim malicious prosecution, plaintiff "must show that the defendant[] prosecuted [plaintiff] with malice and without probable cause, and that [defendant] did so for the purpose of denying [plaintiff] equal protection or another specific constitutional right." *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995), *as amended on denial of reh'g and reh'g en banc* (Dec. 29, 1995). Plaintiff refused handcuffs, which gave defendant Samaniego probable cause to issue the RVR. Therefore, plaintiff's malicious prosecution claim must fail and further amendment would be futile. Thus, all of plaintiff's federal constitutional claims should be dismissed.

### E. Other Claims

Plaintiff alleges that his "shoulder injury" was a disability requiring accommodations under the Americans with Disabilities Act. ECF No. 16 at 8. However, plaintiff's injury is not a "disability" within the meaning of the Act. *See* 42 U.S.C. § 12102 (defining disability as "a physical or mental impairment that substantially limits one or more major life activities"). Therefore, plaintiff's disability claim must fail.

Plaintiff's remaining claims are brought under various state laws. However, since

plaintiff's federal claims for which this court has original jurisdiction should be dismissed, this court does not have supplemental jurisdiction over any other claims. *See* 28 U.S.C. § 1367(a). Therefore, it is appropriate to dismiss the state claims as well. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.").

## IV.   CONCLUSION

We have screened plaintiff's first amended complaint and find that it fails to state a cognizable claim. Plaintiff has been given the opportunity to amend his complaint. It is apparent that any further leave to amend would be futile. Accordingly, we recommend that the complaint be dismissed with prejudice. *See Gonzalez v. Planned Parenthood*, 759 F.3d 1112, 1116 (9th Cir. 2014) ("Futility of amendment can, by itself, justify the denial of . . . leave to amend." (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995))); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (holding that pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment).

## V.   FINDING AND RECOMMENDATION

We recommend that plaintiff's first amended complaint, ECF No. 16, be dismissed for failure to state a claim on which relief could be granted, and that all other pending motions be denied as moot, ECF No. 19. The complaint should be dismissed with prejudice because amendment would be futile.

These findings and recommendations are submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within 14 days of the service of the findings and recommendations, the plaintiff may file written objections to the findings and recommendations with the court. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated: March 29, 2019

_____
UNITED STATES MAGISTRATE JUDGE

No. 204